**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| *In re*: | ) ) ) ) ) ) ) ) ) ) | Chapter 11 |
| ADVANTA CORP., *et al.*, | | Case No. 09-13931 (KJC) |
| Debtors.[1] | | (Jointly Administered) |
| AC LIQUIDATING TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | Adv. Pro. No. 11-_____ |
| v. | | |
| EDGAR, DUNN & COMPANY, | | |
| Defendant. | | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547 AND 550**

The AC Liquidating Trust (the "Trust" or the "Plaintiff"), by and through its attorneys Drinker Biddle & Reath LLP, by way of the within adversary complaint against Edgar, Dunn & Company (the "Defendant"), states and alleges as follows:

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).


## NATURE OF THE ACTION

This adversary proceeding is brought to avoid and recover from Defendant certain preferential transfers made to or for the benefit of the Defendant during the 90-day period prior to the commencement of the Debtors' bankruptcy cases.  Specifically, the Plaintiff seeks entry of a judgment against the Defendant (1) pursuant to section 547(b) of title 11 of the United States Code (the "Bankruptcy Code"), avoiding the Subject Transfers (as defined herein); and (2) pursuant to section 550(a) of the Bankruptcy Code, directing the Defendant to pay the Plaintiff an amount to be determined at trial that is not less than the amount of the Subject Transfers, plus interest and costs.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334.

2. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).  Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Plaintiff consents to this Court's entry of a final adjudication of the merits of this Complaint.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Bankruptcy Rules, and because the Defendant transacted and did business with one or more of the Debtors prior to the Petition Date (as defined herein).

5. The Trust brings this adversary proceeding pursuant to Rule 7001 of the Bankruptcy Rules.

**PROCEDURAL BACKGROUND**

6. On November 8, 2009 the majority of Debtors[2] filed their petitions (the "Commencement Date") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. On November 20, 2009, the remaining Debtors[3] filed their chapter 11 cases (the "Second Commencement Date," and together with the Commencement Date, the "Commencement Dates").

7. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their businesses and managed their properties as debtors-in-possession.

8. By Order dated November 10, 2009, the Debtors' chapter 11 cases were consolidated for procedural purposes and were jointly administered pursuant to Bankruptcy Rule 1015. [Docket No. 21].

9. The Debtors consist of a consolidated group of business entities whose common parent is Advanta Corp. ("Advanta"), which, prior to the Commencement Dates, was one of the nation's largest issuers of business purpose credit cards to small businesses and business professionals in the United States.

10. On November 2, 2010, the Debtors first filed (i) the Joint Plan Under Chapter 11 of the Bankruptcy Code (the "Plan") and (ii) Disclosure Statement for Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). [Docket Nos. 895 and 896, respectively]. Thereafter, on December 17, 2010, the Debtors filed a modified Plan and Disclosure Statement. [Docket Nos. 1037 and 1038, respectively].

---

[2] Advanta Corp. ("Advanta"), Advanta Investment Corp., Advanta Business Services Holding Corp., Advanta Business Services Corp., Advanta Shared Services Corp., Advanta Service Corp., Advanta Advertising Inc., Advantennis Corp., Advanta Mortgage Holding Company, Advanta Auto Finance Corporation, Advanta Mortgage Corp. USA, Advanta Finance Corp., Great Expectations International Inc., Great Expectations Franchise Corp., and Great Expectations Management Corp.

[3] Advanta Ventures Inc., BE Corp., ideablob Corp. and Advanta Credit Card Receivables Corp.

11. On December 17, 2010, the Court entered the *Order (I) Approving the Disclosure Statement, (II) Approving Notice and Objection Procedures for the Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Scheduling a Confirmation Hearing, and (V) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan*. [Docket No. 1042].

12. On or about February 11, 2011, this Court entered the *Order Confirming Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code, As Modified on February 28, 2011*. [Docket No. 1173]. The Effective Date of the Plan was February 28, 2011.

13. The Trust was established pursuant to Section 5.4 of the Plan. The Trust is a liquidating trust, the sole purpose of which is to liquidate and distribute the Trust Assets to holders of AC Beneficial Interests, as defined by the Plan. The rights and duties of the Trust of the creditor trust are governed by the AC Trust Agreement (the "Trust Agreement").

## THE PARTIES

14. Pursuant to the Plan and Trust Agreement, the Trust has been granted the rights to, *inter alia*, file and prosecute all actions, causes of action, or claims of the Debtors or their estates arising under chapter 5 of the Bankruptcy Code that have been duly assigned to the Trust.

15. Upon information and belief, the Defendant is an independent global financial services and payments consultancy with headquarters in New York, New York.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

16. The Defendant provided Advanta with consulting services.

17. The Trustee has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made

by Debtors to Defendant on or within ninety (90) days prior to the Petition Date (the "Preference Period").

18. Plaintiff has determined that Advanta made transfers of an interest in its property to or for the benefit of Defendant during the Preference Period through payments aggregating an amount not less than $7,000.00. The details of each transfer are set forth on Exhibit "A" hereto and incorporated by reference herein. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," "Check Number," "Check Date," "Clearing Date" and "Amount."

19. Exhibit "A" reflects Plaintiff's present knowledge as to the transfers made to Defendant by Advanta during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made by Advanta to Defendant during the Preference Period. By virtue of this Complaint, Plaintiff is seeking to avoid and recover all transfers made by Advanta during the Preference Period, whether such transfers are reflected on Exhibit "A" or not. Collectively, all transfers made by Advanta during the Preference Period of an interest in its property to or for the benefit of Defendant (whether such transfers are reflected on Exhibit "A" hereto or not) are referred to herein as the "Subject Transfers."

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))**

20. The Plaintiff realleges and incorporates Paragraphs 1 through 18 as if fully set forth at length herein.

21. Section 547(b) of the Bankruptcy Code empowers the trustee or debtor in possession, for the benefit of the estate, to avoid a transfer to or for the benefit of a creditor if the requirements set forth therein are met.

22. Pursuant to section 547(b) of the Bankruptcy Code, the Trust may avoid any transfer of an interest of the Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Debtors before such transfer was made, (c) made while the Debtors were insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one (1) year, before the filing of the petition and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made and the creditor had received payment of such debt to the extent provided by the provisions of title 11 of the Bankruptcy Code.

23. During the Preference Period, Advanta made the Subject Transfers described in paragraphs "18" and "19" above to Defendant.

24. Advanta was insolvent, and pursuant to section 547(f) of the Bankruptcy Code is presumed to be insolvent, during the ninety (90) day period prior to the Petition Date, and on the dates on which it made the Subject Transfers to Defendant.

25. The Subject Transfers were transfers of an interest of Advanta in property.

26. During the Preference Period, Defendant was a creditor at the time of each of the Subject Transfers by virtue of consulting services to Advanta for which Advanta was obligated to pay following the provision of said services.

27. The Subject Transfers were to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each of the Subject Transfers either

reduced or fully satisfied a debt or debts then owed by Advanta to Defendant, as set forth on Exhibit "A" hereto.

28.  The Subject Transfers were made on account of antecedent debts owed by Advanta to Defendant for consulting services before such Transfers were made. The antecedent nature of the debt is evidenced by the lease, purchase order, contracts, agreement, invoices and/or bills of lading identified on Exhibit "A" hereto.

29.  The Subject Transfers enabled Defendant to recover more on its antecedent debts than it would have received if (a) the Subject Transfers had not been made, (b) Advanta case was a case under chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its antecedent debts to the extent provided by the provisions of title 11 of the Bankruptcy Code.

30.  Defendant has not repaid all or any part of the Subject Transfers.

31.  The Subject Transfers constitute preferential transfers subject to avoidance pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoided Transfers – 11 U.S.C. § 550(a))

32.  Plaintiff realleges and incorporates Paragraphs 1 through 30 as if fully set forth at length herein.

33.  Plaintiff is entitled to avoid the Subject Transfers pursuant to section 547(b) of the Bankruptcy Code.

34.  Defendant is either the (a) the initial transferee of the Subject Transfers, (b) the entity for whose benefit the Subject Transfers were made, (c) an immediate or mediate transferee of an initial transferee, or (d) the successor in interest to one of the foregoing.

35. Plaintiff is entitled to recover from the Defendant the value of each of the Subject Transfers pursuant to section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Trust demands judgment in its favor and against Defendant (1) declaring that the Subject Transfers to the Defendant constitute voidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code; (2) avoiding the Subject Transfers and directing and ordering that the Defendant pay the Trust, pursuant to section 550(a) of the Bankruptcy Code, the value of the Subject Transfers, in an amount to be determined at trial, but no less than the amount set forth on Exhibit "A" hereto, plus interest and costs; (3) awarding the Trust its costs and reasonable attorneys' fees to the extent permitted; and (4) granting to the Trust such other and further relief as the Court deems equitable and proper.

Dated: November 5, 2011

**DRINKER BIDDLE & REATH LLP**

*/s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Robert K. Malone (*admitted pro hac vice*)
Marita S. Erbeck (*admitted pro hac vice*)
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Counsel for the AC Liquidating Trust